## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Baiarta Batuev,

        Petitioner,

v.

Unknown Party, et al.,

        Respondents.

No. CV-25-04545-PHX-JJT (ASB)

**ORDER**

Petitioner filed this action under § 2241 challenging his immigration detention. (Doc. 1.)  Petitioner alleged the authority for his immigration detention arises under 8 U.S.C. § 1226 and not § 1225 and, as a result, he is entitled to a bond hearing.  The Court issued an Order to Show Cause why the § 2241 Petition should not be granted.  Upon review of the briefing, the Court will grant the Petition and direct Petitioner's immediate release from custody.

**I.    Background**

Respondents' response indicated Petitioner presented himself at a port of entry on February 1, 2022, and was deemed an arriving alien. (Doc. 5 at 2.)  Petitioner was paroled that same day into the United States under § 1182(d)(5) and his parole was valid for one year, or until January 30, 2023. (*Id.*)  Petitioner thereafter sought asylum in January 2023 (Doc. 1 ¶ 11) and received his initial work authorization several months later. (*Id.* ¶ 12.) In September 2025, USCIS cancelled his pending asylum case and summoned him for a credible fear interview on September 9, 2025, after which it denied his assertion of credible

fear and took him into custody pursuant to 8 U.S.C. § 1225(b)(1).  (*Id*. ¶ 15.) Petitioner has remained in ICE custody since that time.

## II.      Discussion

Although Respondents treated Petitioner as an arriving alien on February 1, 2022 and could have subjected him to mandatory detention under § 1225(b), they elected to release him on parole under § 1182(d)(5).  In their response to the OSC, Respondents do not address whether Petitioner's release on parole created a liberty interest in his release.  This omission is significant because recent cases confirm an immigration detainee released on parole retains a liberty interest in his release and that "liberty interest [does] not expire along with his parole."  *Omer G.G. v. Kaiser*, No. 1:25-cv-01471-KES-SAB, 2025 WL 3254999, at *5 (E.D. Cal. Nov. 22, 2025); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025) ("Once established, Petitioner's interest in liberty is a constitutional right which may only be revoked through methods that comport with due process, such as a hearing in front of a neutral party to determine whether Petitioner's re-detainment is warranted.... That the express terms of the [§ 1182] parole notice allowed for discretionary termination or expiration does not somehow obviate the need for the Government to provide a [sic] individualized bond hearing prior to re-detaining the parolee."); *Mody v. Warden*, No. 25-cv-03400-FMO, 2026 WL 51976, at *6 (C.D. Cal. Jan. 5, 2026) (issuing temporary restraining order where petitioner had been re-detained following expiration of his § 1182 parole); *Quiroga-Chaparro v. Warden of the Golden State Annex Detention Fac.*, No. 25-cv-01731-AC, 2025 WL 3771473, at *4–5 (E.D. Cal. Dec. 31, 2025) (same); *Ramirez v. Wamsley*, No. 2:25-cv-01723-KKE-TLF, 2025 WL 3288295 (W.D. Wash. Nov. 25, 2025)  (directing immigration detainee's immediate release after he was redetained following his parole's expiration, stating petitioner's "interest in his freedom is constitutionally protected" and that "the Government exercises discretion in determining whether to grant parole or extend it upon its expiration does not eliminate the protections afforded to Petitioner's liberty interest.")  The applicable regulations also provide if a non-citizen is re-detained after § 1182 parole expires, they

"shall again be released on parole" if their "exclusion, deportation, or removal order cannot be executed within a reasonable time." 8 C.F.R. § 212.5(e)(2)(i).

Further, a recent case from the Eastern District of California also presents a nearly identical parallel to this case and discusses the applicable regulations in the context of redetaining an individual after prior release on parole. *D.L.C. v. Wofford*, 1:25-CV-01996-DC-JDP (HC), 2026 WL 145646, at *4–5 (E.D. Cal. Jan. 20, 2026).

> Petitioner is not subject to a removal order. Petitioner has been detained for five months and Respondents provide neither an indication that his removal will be executed within a reasonable time, nor an alternative for how Petitioner may challenge his continued detention while removal proceedings are pending other than through the pending habeas petition. The requirement that a noncitizen "shall again be released on parole" is illusory if the noncitizen is entitled to neither a bond hearing in front of a neutral adjudicator, nor the ability to pursue habeas relief in court.
>
> Further, while the document authorizing Petitioner's parole under § 1182 does indicate that his parole is valid for only one year, it also states that his parole may be extended at ICE's discretion, and that Petitioner was to be "released from service custody pending a final decision in [his] exclusion/deportation hearing." In the four years since his initial release, Petitioner has established a life in the United States with his fiancée and her daughter, for whom he is the primary financial provider. He has enrolled in adult school to study English and has otherwise built strong community ties in Bakersfield, California. Petitioner undoubtedly has a strong liberty interest in his continued freedom.
>
> Moreover, Respondents have given Petitioner every "implicit promise" of his continued liberty in the three years between the expiration of Petitioner's § 1182 parole and his re-detainment. Respondents issued Petitioner an employment authorization document in late 2024, after the nominal termination of his parole. During the post-expiration period, Petitioner continued to abide by the terms of his parole, including by appearing for his credible fear interview a week before his detention. Respondents do not indicate why Petitioner was not detained at that interview, or at any of his other scheduled ICE check-ins following the expiration of his parole. Thus, Respondents did implicitly promise Petitioner's continued release, and Petitioner reasonably relied on that implicit promise in growing his life in the United States. *See Omer*, 2025 WL 3254999, at *6 ("Under the circumstances of this case, where immigration

officials provided to petitioner a document stating that he was released 'pending a final decision' in his removal proceedings, petitioner had not even had his initial hearing in those removal proceedings, and petitioner was granted a five-year work authorization permit during his year on parole status, petitioner reasonably maintained a liberty interest in his release pending a final removal decision in his immigration case."); *Rodriguez Cabrera v. Mattos*, No. 25-cv-01551-RFB-EJY, --- F. Supp. 3d ---, 2025 WL 3072687, at *11 (D. Nev. Nov. 3, 2025) ("Petitioner has a fundamental interest in freedom from physical confinement, and that liberty interest is particularly strong given his initial release from detention [pursuant to § 1182] in 2022, and the fact that Respondents did not seek his return to custody upon the expiration of his parole in December 2022, or in the three years since.")

Accordingly, as the court found in granting Petitioner's motion for a temporary restraining order, whether Petitioner was initially released pursuant to § 1226 or § 1182, Petitioner is likely to succeed on the merits of his claim that his re-detainment without a bond hearing violated his constitutional right to due process.

*D.L.C. v. Wofford*, 1:25-CV-01996-DC-JDP (HC), 2026 WL 145646, at *4–5 (E.D. Cal. Jan. 20, 2026. Similarly here, Petitioner was paroled on February 1, 2022, sought asylum, received a work authorization document, and started a family. And although his parole expired on February 1, 2023, Respondents made no effort to redetain Petitioner until two-and one-half years later for reasons that Respondents do not provide. Under these circumstances, the Court finds Petitioner had a liberty interest in his release on parole and that interest did not expire along with the one-year grant of parole, particularly because Respondents made no effort to redetain Petitioner at his parole's expiration and now make no effort to explain why it is necessary to redetain him. The Court will grant the Petition and order Petitioner's immediate release from custody.

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed before his detention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

- 4 -

**IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 13th day of February, 2026.

Honorable John J. Tuchi
United States District Judge